**TARRANT REGIONAL WATER DISTRICT, Appellants,**

v.

**Billy Harden GRAGG, as Independent Executor of the Estate of O.L. Gragg, Deceased, et al., Appellees.**

**No. 10–98–043–CV.**

Court of Appeals of Texas, Waco.

Feb. 21, 1998.

---

**718**

Stan Harrell, Pope, Hardwicke, Christie, Harrell, Schell & Kelly, L.L.P., Fort Worth, Reed Jackson, Fairfield, Shannon H. Ratliff, Marc O. Knisely and Karen L. Watkins, McGinnis, Lochridge & Kilgore, L.L.P., Austin, for appellants.

Glenn Sodd and Micah C. Haden, Dawson, Sodd, Moe, Jacobson & Beard, P.C., Corsicana, for appellees.

Before DAVIS, CUMMINGS, and VANCE, JJ.

## ORDER GRANTING EMERGENCY RELIEF

PER CURIAM.

Tarrant Regional Water District (District) asserts that it is a political subdivision of the State organized under provisions of the constitution and the Water Code and, as such, is a "governmental unit" as defined in section 101.001 of the Civil Practice and Remedies Code. TEX.CIV.PRAC. & REM.CODE ANN. § 101.001(3)(B) (Vernon Supp.1998). The District owns and operates the Richland–Chambers Reservoir and the Cedar Creek Reservoir.

Billy Harden Gragg and others (Plaintiffs) are landowners in Freestone and Anderson counties who have sued the District asserting various claims, including claims of inverse condemnation due to flooding of their property downstream from the reservoirs. The District filed a plea to the jurisdiction asserting the defense of sovereign immunity against some of Plaintiffs' claims. After the court denied its plea, the District exercised its right to an interlocutory appeal.

Section 51.014(a)(8) of the Civil Practice & Remedies Code provides for an interlocutory appeal from an order that grants or denies a plea to the jurisdiction by a "governmental unit." *Id.* § 51.014(a)(8) (Vernon Supp.1998). Section (b) provides:

(b) An interlocutory appeal under Subsection (a) shall have the effect of staying the commencement of a trial in the trial court pending resolution of the appeal.

*Id.* 51.014(b) (Vernon Supp.1998).

On Friday, February 20, 1998, the court signed an order that (1) authorized Plaintiffs to file their sixth amended petition, (2) vacated the stay, and (3) confirmed a trial setting for Monday, February 23. Because the issues involved in the interlocutory appeal have not been resolved, the District asks us, under the rules of appellate procedure, to enter an order to "preserve the parties' rights until disposition of the appeal" and prevent interference with or impairment of "the effectiveness of the relief sought or that may be granted on appeal." TEX.R.APP.P. 29.3, 29.6. The District's emergency motion was filed after 5:00 p.m. on Friday, February 20 and includes an affidavit attesting to the

true nature of copies of pleadings filed therewith.[1] Plaintiffs filed a response on Saturday morning, in which they offer to non-suit or have severed all claims involving the sovereign immunity defense.[2]

 We have reviewed plaintiffs' sixth amended petition, the pleading upon which trial is set for Monday. It includes claims, such an inverse condemnation, which would not be subject to a defense of sovereign immunity.[3] Thus, we are reluctant to issue an order that stays all proceeding in the court below. However, we feel compelled by subsection (b) of section 51.014 to stay a trial of any part of the proceeding that may be affected by our decision in the interlocutory appeal now before us. TEX.CIV.PRAC. & REM. CODE ANN. § 51.014(b). Because the stay is statutory and allows no room for discretion, the court erred when it "vacated the stay" and set the entire case for trial while the interlocutory appeal is pending. *Id.*

The District's Emergency Motion to Stay Proceedings in the Trial Court is granted in part. The 77th District Court is hereby stayed from proceeding to trial in cause number 91–141–A, styled Gragg, et al v. Tarrant Regional Water District, on any Plaintiffs' claim that is subject to or would be affected by the District's interlocutory appeal in this cause. *See id.* That is, trial shall not proceed on any claim involving a "state law cause of action" or any cause of action based on "violations of Texas common and statutory law"[4] against which the District had asserted the defense of sovereign immunity prior to perfecting this interlocutory appeal. The court is free to proceed with a trial of the claims of inverse condemnation, provided all claims which are stayed by this order have been non-suited or severed.

---

1. Prior to receiving the emergency motion, our file consisted of only the notice of appeal.

2. They attempt to non-suit the claims now, but we believe that such action must be taken in the court below.

3. In fact, the District's Plea to the Jurisdiction states: "Plaintiffs' case is nothing more than an

action for damages based on the doctrine of inverse condemnation, coupled with three vague allegations suggesting the commission of unspecified torts by Defendant Water District."

4. Quotes are from Plaintiffs' Sixth Amended Original Petition.