NO. 07-00-0254-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 23, 2000

______________________________

EX PARTE PAM SCHULZ, INDIVIDUALLY AND AS TRUSTEE

OF THE PAM SCHULZ REVOCABLE LIVING TRUST

_________________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ. 

In this original proceeding, relator Pam Schulz, individually and as trustee for the Pam Schulz Revocable Living Trust, seeks a writ of prohibition staying respondent, the Honorable Ebelardo “Abe” Lopez from proceeding to trial on the merits of Cause No. 60,125-E, In the Matter of the Marriage of Mary Yvonne Parsons and Billie Wilburn Parsons and Amarillo Financial Freedom, Inc., Amarillo Financial Freedom 1, L.P., Bill Parsons, Trustee of the Bill Parsons Revocable Living Trust, and Pam Schulz, Trustee of the Pam Schulz Revocable Living Trust.

Relator asserts, and real parties in interest Mary Yvonne Parsons (Mary) and Billie Wilburn Parsons (Wilburn), individually and as trustee of the Bill Parsons Revocable Living Trust, do not contest that this court has jurisdiction to issue such a writ under Texas Constitution article 5, section 6, and Texas Government Code § 22.221(a). 

This matter arises from two temporary injunctions granted by respondent in his capacity as District Judge of the 108th District Court of Potter County.  The first of the injunctions was executed on February 29, 2000.  It enjoined relator from:

(a)  Selling, transferring, assigning, mortgaging, encumbering, withdrawing, or otherwise alienating any real or personal property held in the name of AMARILLO FINANCIAL FREEDOM, INC.; AMARILLO FINANCIAL FREEDOM I, L.P.; BILL PARSONS REVOCABLE LIVING TRUST; and/or the PAM SCHULZ REVOCABLE LIVING TRUST until further order of this Court.

(b)  Transferring, assigning, or conveying to BILL PARSONS any real or personal property, until further order of this Court.

(c)  Taking any action as a TRUSTEE OF THE PAM SCHULZ REVOCABLE LIVING TRUST to sell, transfer, assign, mortgage, encumber, withdraw, or otherwise alienate any real or personal property currently held in the name of PAM SCHULZ REVOCABLE LIVING TRUST, until further order of this Court.

(d)  Taking any action as a shareholder, officer, or director of AMARILLO FINANCIAL FREEDOM, INC. to sell, transfer, assign, mortgage, encumber, withdraw, or otherwise alienate any real or personal property held in the name of AMARILLO FINANCIAL FREEDOM, INC. and/or AMARILLO FINANCIAL FREEDOM I, L.P., until further order of this Court.

(e)  Taking any action as a general and/or limited partner of AMARILLO FINANCIAL FREEDOM I, L.P., to sell, transfer, assign, mortgage, encumber, withdraw, or otherwise alienate any real or personal property held in the name of AMARILLO FINANCIAL FREEDOM I, L.P., until further order of this Court.

(f)  Withdrawing funds from any checking, savings, or other depository accounts of AMARILLO FINANCIAL FREEDOM, INC.; AMARILLO FINANCIAL FREEDOM I, L.P.; BILL PARSONS REVOCABLE LIVING TRUST; and PAM SCHULZ REVOCABLE LIVING TRUST, until further order of this Court.

On March 31, 2000, the trial court entered another temporary injunction ordering relator to:

(1) desist and refrain from transferring, withdrawing, or spending any sum of money previously withdrawn by her or received by her from AMARILLO FINANCIAL FREEDOM I, L.P., including, but not limited to, the $100,000.00 “draw” from AMARILLO FINANCIAL FREEDOM I, L.P., on February 29, 2000, which was deposited into her “private” account, except as provided in subparagraph (2) below; and

 (2) transfer all lottery proceeds in her “private” account entitled Pamela B. Schulz, account no. 1575040959, at BankOne of Amarillo, Texas, including, but not limited to, $137,505.40, which was reflected as the balance on that account on March 30, 2000, into the account of AMARILLO FINANCIAL FREEDOM I, L.P., account no. 0000706408, at Plains National Bank of Amarillo, Texas, on or before the 3
rd
 day of April, 2000.

Relator duly perfected an appeal from each of the temporary injunctions and those appeals are presently pending in this court.

On March 10, 2000, respondent entered an order setting the suit underlying the temporary injunctions for trial on the merits on May 22, 2000.  Relator sought, but was denied, a continuance of trial on the merits until the appeals were disposed of by this court.  Hence, this proceeding seeking a writ of prohibition.  We have stayed further proceedings in the trial court pending the disposition of relator’s petition for writ of prohibition.

In arguing her entitlement to the writ, relator points out the rule that a court of appeals may issue all writs necessary to enforce its jurisdiction.  
See 
Tex. Gov’t Code Ann
. 
§ 22.221(a) (Vernon Supp. 2000) and Tex. Const. art. 5 § 6.  A writ of prohibition is used to protect the subject matter of an appeal.  
Holloway v. Fifth Court of Appeals
, 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding); 
In re Johnson
, 961 S.W.2d 478, 481 (Tex.App.--Corpus Christi 1997) (orig. proceeding).

Petitioner asserts that the injunctions were issued pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (Vernon 1997).
(footnote: 1)  However, Wilburn contests that conclusion by pointing out that the orders do not state under what authority they are issued.  No copies of the pleading asking for the injunctions have been included in the record before us.  However, copies of the injunctions themselves have been included and Wilburn is correct in pointing out that neither of the injunctions make any reference to their underlying authority.

Section 65.011(5) of the Code allows the granting of a writ of injunction if “irreparable injury to real or personal property is threatened, irrespective of any remedy at law.”  Our examination of the injunctions convinces us that they must have been issued by virtue of section 65.011.  Section 51.014, subsection (a)(4) of the Code (Vernon Supp. 2000), provides for the interlocutory appeal from an order of a district court, county court at law or county court that “grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65.”  Subsection (b) of section 51.014 provides that an interlocutory appeal under subsection (a) “shall have the effect of staying the commencement of a trial in the trial court pending resolution of the appeal.”

In opposing our issuance of the stay requested, Wilburn points out the provision of Texas Rule of Civil Procedure 683 that “[t]he appeal of a temporary injunction shall constitute no cause for delay of the trial.”  Tex. R. Civ. P. 683.  Wilburn also cites and relies upon the decision in 
Hiss v. Great North American Companies
, 871 S.W.2d 218 (Tex. App.--Dallas 1993, no writ).  In that case, the appellant sought an interlocutory appeal from a trial court’s grant of a temporary injunction.  The appellate court commented that the only issue before a trial court is whether the status quo should be maintained pending a trial on the merits, and that an applicant may not use an appeal from a temporary injunction in an effort to get an advance ruling on the merits.  It further explicated that the appeal from a temporary injunction should not be cause of a trial delay. The court also opined that a trial court should proceed expeditiously to full consideration of the merits to reduce the need for interlocutory appeals and opined that “[t]he fastest way to cure the hardship of an unfavorable preliminary order is to try the case on the merits.”  
Id
. at 219.  Believing that both parties were using the trial court’s ruling on the temporary injunction to get an advance ruling on the merits of the underlying case, the 
Hiss
 court concluded the appeal was frivolous and dismissed it.  
Id
. at 220.  

Adopting the reasoning of the 
Hiss
 case and arguing that Rule 683 is applicable, Wilburn argues that this court should not issue the writ in order that the trial court could proceed with the expeditious trial it has offered.  

Real party in interest Mary agrees that under the statute, the trial court may proceed to trial on the merits, but suggests that our initial order staying all proceedings in the trial court until the appeal from the temporary injunction was disposed of was too broad and that order should be clarified “to permit the trial court to conduct further proceedings and make further orders in the underlying case, but staying the proceedings with respect to any matters that may affect the two temporary injunctions on appeal or from proceeding to the trial on the merits.”

Were we writing on a clean slate, the reasoning of the 
Hiss 
court would certainly be persuasive.  However, at the time the 
Hiss 
court rendered its opinion, section 51.014 of the Code did not contain subsection (b).  That subsection was added effective June 20, 1997. As the statute now reads, in cases of temporary injunctions issued by virtue of section 65, the governing statute expressly provides that the commencement of trial is stayed until the resolution of the temporary injunction appeal.  In the face of that clear direction of the legislature, we cannot hold otherwise. 

Although there is a paucity of cases considering the question before us, in 
Tarrant Regional Water District v. Billy Harden Gragg, as Independent Executor of the Estate of O. L. Gragg, Deceased, et al.
, 962 S.W.2d 717 (Tex.App.--Waco 1998, no writ), the court was faced with an analogous question.  It concluded that the stay was statutory and allowed no room for discretion.  
Id. 
at 719.
  
We agree with that interpretation.  

Accordingly, the trial court is hereby stayed from entering any order that would affect the subject matter of the temporary injunctions now on appeal until the final disposition of that appeal.  With that exception, the trial court may make such other and further orders it may deem necessary, as long as they do not have the effect of determining on the merits the matters in dispute described in, and covered by, the temporary injunctions.

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
Later references to section numbers are to those sections of the Texas Civil Practice and Remedies Code (Vernon 1997) (the Code) unless otherwise designated.