**SHEINFELD, MALEY & KAY, P.C., Appellant,**

v.

**James J. BELLUSH, et al., Appellees.**

No. 04–01–00216–CV.

Court of Appeals of Texas, San Antonio.

April 2, 2001.

David L. Botsford, Sheinfeld, Maley & Kay, P.C., Austin, for appellant.

J. Ken Nunley, Kelly Putney Rogers, Nunley, Davis, Jolley & Hill, L.L.P., Boerne, for appellees.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice.

PER CURIAM.

On the court's own motion, we withdraw our opinion and order of March 30, 2001, and we substitute this opinion and order to narrow the proceedings to be stayed in the trial court to the commencement of trial in accordance with the specific language in section 51.014(b) of the Texas Civil Practice and Remedies Code. Appellees' emergency motion for reconsideration of order granting stay of all proceedings in the trial court is denied as moot.

In this accelerated, interlocutory appeal, Sheinfeld, Maley & Kay, P.C. ("SMK") appeals the trial court's order granting a temporary injunction, enjoining Maureen Blackthorne ("Blackthorne") from disposing of the International Rehabilitative Sci-

ences stock (the "Stock") that was transferred to her by her husband, Allen Blackthorne. SMK has a lien against the Stock.

■ On March 29, 2001, the trial court entered an order denying SMK's motion to stay the underlying proceedings. In the order denying the motion to stay, the trial court severed the temporary injunction into a separate cause number. The same day the order was entered, SMK filed the pending emergency motion for stay of trial.

Section 51.014(a) of the Texas Civil Practice and Remedies Code gives a party the authority to appeal from an interlocutory order granting a temporary injunction. *See* Tex.Civ.Prac. & Rem.Code Ann. § 51.014(a) (Vernon Supp.2001). Section 51.014(b) provides, "An interlocutory appeal under Subsection (a) shall have the effect of staying the commencement of trial in the trial court pending the resolution of the appeal." *See* Tex.Civ.Prac. & Rem. Code Ann. § 51.014(b) (Vernon Supp.2001).

The only published case that addresses subsection (b) of section 51.014 involved an interlocutory appeal from an order denying a water district's plea to the jurisdiction based on its assertion of sovereign immunity. *See Tarrant Regional Water Dist. v. Gragg,* 962 S.W.2d 717, 718 (Tex. App.—Waco 1998, no pet.). The Waco court stated that it was compelled to stay any part of the trial proceeding that may be affected by its decision in the interlocutory appeal. *See id.* at 719. The Waco court explained, "Because the stay is statutory and allows no room for discretion, the court erred when it 'vacated the stay' and set the entire case for trial while the interlocutory appeal is pending." *Id.* The Waco court ordered a stay of any claim involving a cause of action against which the water district had asserted the defense of sovereign immunity. *Id.*

The appellees respond to SMK's motion, asserting that none of the pending claims are affected by the interlocutory appeal because those claims have been severed into a different cause. This response ignores the realities of the order. If the interlocutory appeal affected the pending claims at the time the trial court denied the motion to stay, the trial court erred in denying the motion regardless of its subsequent severance of those claims. The severance cannot isolate the claims that would be affected by the temporary injunction or the intent of the legislature could be circumvented in every case in which an interlocutory appeal is pending by simply severing the order on appeal from the remainder of the cause. Although the appellees seek to rely on the decision in *Gragg* to claim that such a severance in proper, the severance mentioned in *Gragg* was a severance of the actual claims that would be affected by the appellate court's decision on the interlocutory appeal, not a severance of the trial court's order denying the plea to the jurisdiction. *See Gragg,* 962 S.W.2d at 719.

Alternatively, appellees respond that the decision on the temporary injunction issue cannot affect the merits of· the pending claims. However, the temporary injunction has prevented Blackthorne from obtaining representation to defend against all of the pending claims. Therefore, the temporary injunction necessarily affects each of the pending claims by precluding Blackthorne from defending against them. The ability to defend against all of the claims is, therefore, "a part of the proceeding that may be affected by our decision in the interlocutory appeal now before us." *Gragg,* 962 S.W.2d at 719.

■ We recognize and appreciate the effort of the trial judge in this case to keep the cases on his docket moving forward.

We also recognize and appreciate the frustration of the appellees in being unable to proceed to trial. However, the stay set forth in section 51.014 is statutory and allows no room for discretion. *Id.* Accordingly, SMK's emergency motion for stay of trial is granted, and the commencement of the trial in trial court cause number 98–CI–16053, pending in the 57th Judicial District Court, Bexar County, Texas, styled James J. Bellush, et al. v. Jose Luis Del Toro, Jr., et al. is stayed pending the resolution of this appeal. The trial court retains jurisdiction over the case and may go forward with all other proceedings except the commencement of trial.