Dismissed and Opinion filed May 2, 2002









Dismissed
and Opinion filed May 2, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00166-CV

____________

 



DANIEL
WAITE, SR., Appellant

 

V.

 



MARGARET SUSAN WAITE, Appellee

 



 

On Appeal from the 311th District Court



Harris County, Texas

Trial Court Cause No. 99-48049

 



 

O P I N I O N








This is an interlocutory appeal from an order appointing a
receiver, signed February 7, 2002. 
Appellant filed his notice of appeal on February 8, 2002.  Final trial in the underlying divorce
proceeding was scheduled to begin on February 11, 2002.  The trial court denied appellant=s motion to stay the trial.  The morning of February 11, 2002, appellant
filed a petition for writ of mandamus in this Court in which he sought to
compel the trial judge to stay the trial pending resolution of this
interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code Ann.
' 51.014(b) (Vernon Supp. 2002).  That same morning, this Court issued an order
granting immediate temporary relief, ordering the trial stayed.  See Tex.
R. App. P. 52.8(b), 52.10.


On February 21, 2002, this Court issued an opinion
conditionally granting the writ of mandamus, holding that trial must be stayed
pending resolution of this interlocutory appeal.  See In Re Waite, No. 14-02-00122-CV,
(Tex. App.CHouston [14th Dist.] February 21,
2002, orig. proceeding) (not designated for publication).  We noted that the trial court retained
jurisdiction of the case pending the interlocutory appeal and could make
further orders, including one dissolving the temporary order on appeal.  See Tex.
R. App. P. 29.5.  On April 16,
2002, the trial court signed an order dissolving the receivership.  

On April 18, 2002, appellee filed
an expedited motion to dismiss the interlocutory appeal and lift the stay of
the trial.  See Tex. R. App. P. 42.3.  In her motion, appellee
argues the appeal must be dismissed as moot because the receivership has been
dissolved.  Appellant objects, arguing
that the receivership has not actually been dissolved because the funds under
the receiver=s control have been deposited into
the registry of the court, creating a de facto receivership.  Appellant=s argument is without merit.  The February 7, 2002 order
appointing a receiver, which was the subject of his interlocutory appeal, has
been superseded by the trial court=s
order of April 16, 2002, dissolving that receivership.  It is well settled that an appeal from an
interlocutory order must be authorized by statute.  Cherokee Water Co. v.
Ross, 698 S.W.2d 363, 365 (Tex. 1985) (per curiam).  An order dissolving a receivership is not appealable; the interlocutory appeal statute permits an
appeal only from an order that Aappoints a receiver.@ 
Tex. Civ.
Prac. & Rem. Code Ann.
' 51.014(a)(1)
(Vernon Supp. 2002).  The disposition of
the receivership funds also may not be challenged by interlocutory appeal.  See generally Bally Total Fitness Corp. v.
Jackson, 53 S.W.3d 352, 355 (Tex. 2001) (holding that the interlocutory
appeal statute is Astrictly construed@). 








We hold that the appeal has been rendered moot and must be
dismissed.  Accordingly, the stay of
trial this court imposed on February 11, 2002, is lifted.  Appellee states in
her motion to dismiss that the trial had begun on the morning of February 11,
2002, before our stay order issued.  The
statute provides that an interlocutory appeal Ashall have the effect of staying the
commencement of a trial in the trial court pending resolution of the appeal.@ 
Tex. Civ.
Prac. & Rem. Code Ann.
' 51.014(b) (Vernon Supp. 2002).  The statute is mandatory and allows no room
for discretion.  Sheinfeld,
Maley & Kay, P.C. v. Bellush,
2001 WL 314804 (Tex. App.CSan Antonio 2001, no pet) (citing Tarrant
Regional Water Dist. v. Gragg, 962 S.W.2d 717,
718 (Tex. App.CWaco 1998, no pet)).  Because the statute requires commencement
of trial stayed after an interlocutory appeal has been filed, the trial court
erred in beginning the trial.  Therefore,
the trial must now begin anew.

Accordingly, we grant appellee=s motion, dismiss the appeal, and
lift the trial stay.  It is ordered that
each party shall bear his or her own costs of the appeal.  It is further ordered that mandate shall
issue immediately.  See Tex. R. App. P. 18.6.

 

PER CURIAM

 

Judgment rendered and Opinion
filed May 2, 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

Publish C Tex. R. App. P. 47.3(b).