**Opinion issued January 7, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00320-CV

———————————

## IN RE BLISS & GLENNON INC., Relator

---

### Original Proceeding on Petition for Writ of Mandamus[1]

---

### MEMORANDUM OPINION

Relator Bliss & Glennon, Inc. (B&G) filed this original proceeding complaining of the trial court's granting of a motion to sever claims in the underlying proceedings in violation of the stay of all trial court proceedings imposed by section 51.014(b) of the Texas Civil Practice and Remedies Code,

---

[1] The underlying case is *Bliss & Glennon, Inc. v. E. Lyle Ashley*, cause number 2011-32520, pending in the 164th District Court of Harris County, Texas, the Honorable Alexandra Smoots-Hogan presiding.

pending the resolution of B&G's interlocutory appeal of the trial court's class certification order. We conditionally grant the requested writ.

## Background

The underlying dispute involves business and personal information allegedly found in a dumpster. Relator B&G is an insurance broker. Real-party-in-interest Lyle Ashley worked for B&G until June 2008. He then founded defendant/appellee Ashley General Agency, LLC. Ashley is also a part owner of the commercial building that housed B&G's Conroe, Texas office until March 2011. B&G and Ashley have been involved in prior litigation involving allegations by B&G that Ashley misappropriated trade secrets and violated various agreements when he left B&G.

### 1. B&G's Claims

In May 2011, Ashley contacted B&G and claimed that that one of Ashley General's employees (a former B&G employee) had removed several of B&G's CDs, hard drives, and other business information from the dumpster that was onsite when B&G moved out of its Conroe office in March 2001. Ashley claimed that these CDs and computer drives contained business information that B&G had asserted was confidential in prior litigation between the parties, and sensitive third-party data, including the social security numbers of various employees and other individuals.

B&G sued Ashley after Ashley refused to turn over the materials but told one of B&G's customers that B&G was not keeping that customer's data secure. B&G's petition asserted claims for conversion, misappropriation of trade secrets and confidential information, tortious interference, unfair competition by misappropriation of trade secrets, business disparagement, and defamation. B&G requested that Ashley be ordered to return the materials it allegedly found and that Ashley be enjoined from using the data. Further, B&G has alleged that it "does not believe Mr. Ashley took the information from the trash but instead unlawfully took it by other improper means, and is using his alleged dumpster diving as a cover-up for otherwise wrongful and illegal acts."

### 2. Ashley's and Ashley General's claims

Ashley and Ashley General filed counterclaims against B&G, asserting negligent protection of personal and other sensitive information, invasion of privacy by public disclosure of private information, business disparagement and defamation. Ashley later amended his counterclaims to assert class-action claims. Ashley requested certification of a nationwide class of "all individuals whose personal, sensitive information was stored on electronic mediums, including hard drives, that Defendants placed in the dumpster and cannot either account for and/or did not have proper control, custody, or possession for a period of time." On December 19, 2012, the trial court certified the class, and B&G perfected an

3

interlocutory appeal of the class certification order. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(3) (West 2011) (permitting interlocutory appeal of order that "certifies or refuses to certify a class"). In its notice of appeal, B&G invoked the statutory mandated stay of all proceedings pursuant to section 51.014(b), which provides:

> (b) An interlocutory appeal under Subsection (a), other than an appeal under Subsection (a)(4) or in a suit brought under the Family Code, stays the commencement of a trial in the trial court pending resolution of the appeal. *An interlocutory appeal under Subsection (a)(3)*, (5), (8), or (12) *also stays all other proceedings in the trial court pending resolution of that appeal*.

*Id*. § 51.014(b) (emphasis added).

### 3.    Ashley's Motion for Summary Judgment and the Severance

On February 6, 2013, B&G received noticed that the trial court had set Ashley's Motion for Partial Summary Judgment on B&G's claims (which had been filed before B&G's notice of appeal of the class certification order) for hearing. The next day, February 7, 2013, B&G filed an objection to the hearing, again invoking Section 51.014(b)'s stay provision.

Ashley responded with a Motion for Severance, requesting the trial court sever B&G's claims against Ashley and Ashley General "in the interest of justice and convenience and grant [Ashley and Ashley General] summary judgment." B&G again objected. On March 7, 2013, the trial court granted the motion to sever and moved B&G's claims into a new cause number. B&G responded by filing a

4

motion to stay in this Court, arguing that the severance violated the stay pending the resolution of its interlocutory appeal, and that the severance was otherwise improper on the merits.

Ashley and Ashley General then filed a motion for summary judgment on B&G's claims in the severed cause and set it for hearing. B&G filed this original proceeding seeking relief from the trial court's violation of the section 51.014(b) automatic stay, and we granted B&G's motion to stay the underlying proceedings in both the original and the severed cause.

## ANALYSIS

Mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding) (per curiam). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam) (quoting *CSR, Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding)). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). When a severance order is interlocutory, "mandamus is the appropriate avenue by which to seek review" of the order. *In re Henry*, 388

S.W.3d 719, 725 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding [mand. denied]). We may "issue a writ of mandamus . . . to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. §22.221 (West 2011).

"[T]he stay set forth in section 51.014 is statutory and allows no room for discretion." *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.). And the San Antonio Court of Appeals has expressly recognized that the stay cannot be circumvented by simply severing claims in the trial court:

> If the interlocutory appeal affected the pending claims at the time the trial court denied the motion to stay, the trial court erred in denying the motion regardless of its subsequent severance of those claims. The severance cannot isolate the claims that would be affected by the temporary injunction or the intent of the legislature could be circumvented in every case in which an interlocutory appeal is pending by simply severing the order on appeal from the remainder of the cause.

*Id*.

The trial court abused its discretion by entering the severance order in violation of the section 51.014(b) stay, and neither of the cases Ashley cites supports its argument to the contrary. Ashley cites *Roccaforte v Jefferson County*, 341 S.W.3d 919, 923 (Tex. 2011) for the proposition that trial court orders issued after an interlocutory appeal stay is in effect are not void. But *Roccaforte* does not stand for the proposition that an order entered in violation of the stay is not error; rather, it holds that the trial court's action in violation of a stay is voidable, not

6

void, and thus subject to waiver by a party who fails to object in the trial court. *Id.* at 922–23. B&G made its objection clear to the trial court, so *Roccaforte*'s analysis is inapposite.

Ashley also cites *Dayne v. Texas Department of Family & Protective Services*, No. 13-10-00679-CV, 2011 WL 4998872, at *9 (Tex. App.—Corpus Christi Oct. 11, 2011, pet. denied) (mem. op.) as an "example of the trial court's continuing authority over a case even pending interlocutory appeal." The court in *Dayne* held that the trial court's severance of a plaintiff's claims against a governmental entity from that plaintiffs' claims against numerous other defendants did not amount to an abuse of discretion, reasoning:

> An interlocutory order granting a plea to the jurisdiction is immediately appealable. Such an interlocutory appeal would normally stay all proceedings in the trial court pending resolution of the appeal. Here, however, the trial court was presented with a meritorious plea to the jurisdiction, correctly determining that Dayne's allegations against DFPS had failed to invoke its subject-matter jurisdiction. Instead of allowing the cause to be stayed pending an interlocutory appeal, the trial court apparently determined that justice and convenience would be furthered by severing Dayne's claims against DFPS from those against the other defendants in the cause. Under the facts of this case, we cannot conclude that the trial court abused its discretion when it granted DFPS's motion to sever.

2011 WL 4998872, at *9 (citations omitted). Although the *Dayne* court discusses the perceived efficiency in the trial court's severance to permit a final direct appeal in a severed cause from the grant of the plea to the jurisdiction rather than an interlocutory appeal, nothing in *Dayne* suggests that an interlocutory appeal had

7

been taken from the court's grant of the plea to the jurisdiction before the claims against other parties were severed. *Id*. The issue on appeal was thus not whether a stay had been violated but, rather, the propriety of the severing claims against the governmental defendant from the claims against the other defendants. *Id*. The *Dayne* court discussed the standards governing severance, and implicit in its affirmance of the severance was its determination that the claims against the different parties were not so interwoven as to render severance improper. *Id*.[2]

In contrast here, there was a mandatory stay in place. Also unlike *Dayne*, in this case the severed claims (B&G's against Ashley) involved the very same parties, conduct, and data that make up the remaining pending claims (Ashley and Ashley General's individual and class claims), such that resolution of these competing claims involve the same fact-finding about the same events. *Ryland Group, Inc. v .White*, 723 S.W.2d 160, 162 (Tex. App.—Houston [1st Dist.] 1986, orig. proceeding) (mandamus relief from severance order was appropriate when separate claims "arose from a single wrongful act and should not be severed").

Ashley contends that "B&G's mandamus petition must be denied because it does not address the inadequate remedy by appeal element of mandamus review."

---

2      "Generally, a trial court properly exercises its discretion in severing claims when (1) the controversy involves more than one cause of action; (2) the severed claim is one that could be asserted independently in a separate lawsuit; and (3) the severed actions are not so interwoven with the other claims that they involve the same facts and issues." *In re Henry*, 388 S.W.3d at 726.

But B&G does address why a direct appeal is not an adequate remedy, arguing that: "[a] severance was not proper in this instance; it not only was made in clear violation of the statutorily mandated stay under Section 51.014(b), but it also interferes with and impairs the jurisdiction of this Court, and would further impair the effectiveness of any potential relief sought by B&G in its appeal of the Class Certification Order." We agree with B&G that it lacks an adequate remedy by appeal from a severance in violation of the automatic stay and grant mandamus relief to protect our jurisdiction over its interlocutory appeal. TEX. GOV'T CODE ANN. § 22.221.

## CONCLUSION

The trial court abused its discretion in severing Ashley's counterclaims from B&G's claims. We therefore conditionally grant the petition for a writ of mandamus and direct the trial court to vacate its severance order. We will issue the writ only if the trial court does not comply.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

9