

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00351-CV

SARAH SWANSON                                                    APPELLANT

V.

TOWN OF SHADY SHORES                                            APPELLEE

----------

FROM THE 442ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 14-02914-158

**AND**

### NO. 02-15-00356-CV

IN RE TOWN OF SHADY SHORES                                      RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 14-02914-158

----------

# MEMORANDUM OPINION[1]

----------

On the court's own motion, we have combined cause numbers 02-15-00351-CV, an attempted interlocutory appeal filed by Sarah Swanson, and 02-15-00356-CV, a petition for writ of mandamus filed by the Town of Shady Shores (the Town), because resolution of the issues contained within both causes is intertwined.

## Background

Swanson is the former secretary for the Town. Swanson filed suit against the Town claiming she was wrongfully terminated in February 2014. She asserted a statutory wrongful discharge claim under the Texas Whistleblower Act, *see* Tex. Gov't Code Ann. §§ 554.001–.010 (West 2012), and a common law claim for wrongful discharge under *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985). The Town filed a plea to the jurisdiction, asserting that the trial court lacked subject matter jurisdiction over Swanson's claims because she could not overcome the Town's entitlement to governmental immunity from suit. Shortly thereafter, Swanson amended her petition to add a claim for declaratory relief based in part on the Town's alleged violations of the Texas Open Meetings Act, *see* Tex. Gov't Code Ann. §§ 551.001–.146 (West 2012 & Supp. 2016), and her due process rights under the Texas constitution,

----

[1]*See* Tex. R. App. P. 47.4.

*see* Tex. Const. art. I, § 19, and a claim for alleged violations of her free speech rights under the Texas constitution, *see* Tex. Const. art. I, § 8.

The Town then filed traditional and no-evidence motions for summary judgment, claiming that governmental immunity barred Swanson's *Sabine Pilot*, Texas Whistleblower Act, and declaratory judgment claims. The Town also argued in its motions that it was entitled to traditional and no-evidence summary judgment on Swanson's claims that it violated the Texas Open Meetings Act and the Texas constitution on grounds other than governmental immunity.

On September 30, 2015, the trial court granted the Town's plea to the jurisdiction and dismissed Swanson's Texas Whistleblower Act and *Sabine Pilot* claims for lack of subject matter jurisdiction. Swanson did not file a notice of interlocutory appeal at that time.

In separate orders, the trial court denied the Town's traditional and no-evidence motions for summary judgment on October 21, 2015. On October 27, 2015, the Town filed a notice of accelerated appeal pursuant to civil practice and remedies code section 51.014(a)(8). Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2016) (permitting an interlocutory appeal from an order granting or denying a plea to the jurisdiction by a governmental unit); *see* Tex. R. App. P. 26.1(b), 28.1(a). The Town stated in its notice of appeal that it was invoking the automatic stay of all other proceedings in the trial court pending

resolution of the appeal.[2]  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b) (West Supp. 2016).

At the time the Town perfected its interlocutory appeal, trial was set for November 16, 2015.  On October 27, 2015—the same day the Town filed its notice of accelerated appeal—Swanson filed a motion in limine and a motion to exclude evidence.  On October 28, 2015, the trial court clerk issued citation for service on a new defendant, the Town's mayor; the return on the citation states that she was served by private process server the following day.[3]  *See* Tex. R. Civ. P. 99, 106–07.

On October 30, 2015, the Town filed a motion requesting the trial court to enter an order acknowledging that all of the trial court proceedings had been stayed pursuant to section 51.014(b).  The Town also filed objections on November 3, 2015, in which it asked the trial court to enter an order voiding all actions it alleged were taken in violation of the automatic stay—Swanson's filing of the motion in limine and motion to exclude evidence, the trial court clerk's

---

[2]The Town's interlocutory appeal has been assigned cause number 02-15-00338-CV and is currently pending before this court.  Because the issues raised in the Town's interlocutory appeal, Swanson's interlocutory appeal, and the Town's mandamus are related, we stayed the Town's briefing deadline pending our resolution of Swanson's appeal and the mandamus.  By order dated concurrently with this opinion, we will set briefing deadlines in the Town's interlocutory appeal.

[3]The Town contends that the mayor was not personally served.

4

issuance of citation on the Town's mayor, service on the mayor, and the filing of the return of service.

The trial court heard the Town's objections and motion on November 6, 2015, but did not rule on them. According to the Town, during that hearing, the trial court granted Swanson leave to file a motion for a permissive interlocutory appeal from the trial court's September 30, 2015 order granting the Town's plea to the jurisdiction. A few days after the hearing, the Town filed with the trial court proposed orders sustaining its objections and granting its motion.

On November 9, 2015, Swanson filed a notice of accelerated appeal pursuant to civil practice and remedies code section 51.014(a)(8) appealing the trial court's September 30, 2015 order granting the Town's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. 51.014(a)(8). She also filed a "Petition for Interlocutory Appeal."[4] This court sent a letter to Swanson questioning our jurisdiction over her appeal:

> The court has received a copy of the notice of appeal filed by appellant Sarah Swanson. *See* Tex. R. App. P. 25.1(e). The court is concerned that it may not have jurisdiction over this appeal because the notice of appeal was not timely filed. The trial court's interlocutory order granting appellee's plea to the jurisdiction was signed on September 30, 2015. Therefore, the notice of appeal was due by October 20, 2015, but was not filed until November 10, 2015. *See* Tex. R. App. P. 26.1(b), 28.1(a). Unless appellant or any party

---

[4]Although petitions for permissive appeal are typically assigned a separate cause number in this court, this petition was erroneously docketed in the same cause number as Swanson's interlocutory appeal. *See generally* Tex. R. App. P. 28.3. Rather than severing it into a new cause number, we will dispose of it with Swanson's interlocutory appeal and the Town's mandamus.

desiring to continue the appeal files with the court, on or before **Monday, November 23, 2015,** a response showing grounds for continuing the appeal, this appeal may be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

The court has also received "Appellant's Petition for Interlocutory Appeal." The court is concerned that it lacks jurisdiction over the petition because it does not contain an order signed by the trial court granting appellant permission to appeal the September 30, 2015 order granting appellee's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West 2015); *see also* Tex. R. App. P. 28.3(a); *Colvin v. B. Spencer & Assocs.*, No. 01-15-00247-CV, 2015 WL 2228728, at *1–2 (Tex. App.—Houston [1st Dist.] May 12, 2015, no pet.) (mem. op.). Unless appellant, on or before **Monday, November 23, 2015,** files a response showing grounds for this court's jurisdiction over the petition, including a copy of the trial court's order granting permission to appeal, the petition may be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

On November 10, 2015, Swanson filed a motion for permissive interlocutory appeal in the trial court, and the trial court scheduled a hearing on the motion for November 20, 2015. *See* Tex. R. Civ. P. 168. On November 18, 2015, the Town filed a petition for writ of mandamus claiming that the trial court and Swanson had violated the automatic stay provided by civil practice and remedies code section 51.014(b)—(1) Swanson by filing motions, requesting issuance of citation for a new defendant (the Town's mayor), and serving the Town's mayor and (2) the trial court by refusing to enforce the stay, holding hearings, granting Swanson leave to file a motion for permissive interlocutory appeal, and scheduling a hearing on Swanson's motion for permissive interlocutory appeal. On November 19, we issued an order staying all of the

6

underlying proceedings and requesting a response.[5]  *See* Tex. R. App. 52.8(b), 52.10(b).

### The Town's Petition for Writ of Mandamus

In its mandamus petition, the Town asks this court to direct the trial court to stay the underlying proceedings and to enter an order voiding all actions taken in the trial court since the Town filed its notice of interlocutory appeal, specifically including the issuance of citation on the Town's mayor and Swanson's attempts to effect service on the mayor.

The civil practice and remedies code provides for an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined by Section 101.001."  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).  The Town, which is a governmental unit under section 101.001, is appealing the trial court's orders denying its motions for summary judgment that, in part, sought dismissal of Swanson's declaratory judgment claims based on the Town's entitlement to governmental immunity.  The portions of those orders denying the Town's motions for summary judgment on immunity grounds are reviewable by interlocutory appeal under section 51.014(a)(8).  *See Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) (holding that the term "plea to the jurisdiction" in section

---

[5]Shortly before we issued our stay, the trial court informed the parties in writing that it was not going to sign the Town's proposed order granting its motion to enforce the stay or its proposed order sustaining its objections to violations of the stay.

51.014(a)(8) refers to the substance of the immunity argument rather than "to a particular procedural vehicle"); *see also Ware v. Miller*, 82 S.W.3d 795, 800 (Tex. App.—Amarillo 2002, pet. denied) (holding appellate jurisdiction over trial court's order denying defendants' plea to the jurisdiction founded on official immunity but not on challenges to plaintiff's standing made in defendants' individual capacities); *Montgomery Cty. v. Fuqua*, 22 S.W.3d 662, 664 (Tex. App.—Beaumont 2000, pet. denied) (exercising jurisdiction over appeal from the trial court's order denying defendant's motion to dismiss based on a plea to the jurisdiction but not based on the statute of limitations); *City of El Campo v. Rubio*, 980 S.W.2d 943, 944, 949 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.) (exercising jurisdiction over the part of the trial court's order denying a plea to the jurisdiction and motion for summary judgment based on official immunity, but not over the part denying summary judgment on plaintiff's negligence and intentional infliction of emotional distress claims).

In addition to staying the commencement of the trial, an interlocutory appeal under 51.014(a)(8) triggers a stay of "all other proceedings in the trial court" pending final resolution of the appeal. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b). In the case of an appeal from the denial of a plea to the jurisdiction under 51.014(a)(8), the automatic stay is only available, however, if the plea to the jurisdiction was filed and a hearing requested within a defined timeframe. *See id.* § 51.014(c). To trigger the automatic stay, the plea to the jurisdiction must have been filed and a hearing requested not later than the later of the date

8

set in a scheduling order, if any, or 180 days after the defendant's original answer or first other responsive pleading. *Id.*

The Town argues that the automatic stay was triggered because its motions were "filed and requested for submission or hearing before the trial court not later than . . . a date set by the trial court in a scheduling order entered under the Texas Rules of Civil Procedure." *Id.* § 51.014(c)(1). The scheduling order entered in the case required that all motions for summary judgment and all dispositive motions be filed and heard by October 1, 2015. The Town filed its motions for summary judgment and a hearing was set for September 23, 2015. Even though the motions were not heard until October 21, the motions were filed and a hearing was requested prior to October 1. Thus, the automatic stay was triggered when the Town filed its notice of interlocutory appeal on November 9. *See id.* § 51.014(b), (c)(1).

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "[T]he stay set forth in section 51.014 is statutory and allows no room for discretion." *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.). The trial court abuses its discretion in conducting hearings and signing orders in violation of the automatic stay of "all other proceedings in the trial court." *In re Tex. Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, orig. proceeding)

9

(holding that entry of severance order in violation of section 51.014 stay was an abuse of discretion). Mandamus relief is the appropriate remedy when a trial court refuses to recognize or enforce the automatic stay provided by section 51.014(b). *See In re Univ. of the Incarnate Word*, 469 S.W.3d 255, 259–60 (Tex. App.—San Antonio 2015, orig. proceeding).

Here, however, we need not decide whether the trial court's actions violated the automatic stay because the trial court did not render any orders after the automatic stay was in place. The trial court clerk, not the trial court, issued citation for service on the Town's mayor, and Swanson, not the trial court, filed motions and had the Town's mayor served. *See* Tex. Gov't Code Ann. § 22.221 (West 2004) (limiting our mandamus jurisdiction to (1) writs against a district court judge or county court judge in this court's district and (2) all writs necessary to enforce our jurisdiction). There are no rulings in the record before us that were signed by the trial court after the automatic stay was in place. Thus, the Town has not shown us that the trial court has made any ruling upon which we can provide relief.[6] *See, e.g., Univ. of the Incarnate Word*, 469 S.W.3d at 259

---

[6]We recognize that mandamus may be based on an oral ruling. *See, e.g., In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding) (concluding that mandamus relief may be based on oral ruling only if the ruling is a "clear, specific, and enforceable order that is adequately shown by the record"). But because we are dismissing Swanson's petition for permissive interlocutory appeal for lack of jurisdiction, we need not determine whether the trial court's granting Swanson leave to file a motion for a permissive interlocutory appeal at the November 6, 2015 hearing is subject to mandamus review. *See* Tex. R. App. P. 47.1.

10

(holding order compelling discovery responses was signed in violation of automatic stay and ordering trial court to vacate order); *In re I-10 Colony*, No. 01-14-00775-CV, 2014 WL 7914874, at *2–3 (Tex. App.—Houston [1st Dist.] Feb. 24, 2014, orig. proceeding) (mem. op.) (concluding trial court's written order denying motion for protection, granting motion to compel third-party discovery, and awarding sanctions signed in violation of 51.014(b) stay was an abuse of discretion and directing trial court to vacate order); *In re Bliss & Glennon, Inc.*, No. 01-13-00320-CV, 2014 WL 50831, at *3–4 (Tex. App.—Houston [1st Dist.] Jan. 7, 2014, orig. proceeding) (mem. op.) (concluding trial court abused its discretion by signing order granting motion to sever claims in violation of section 51.014(b), but ordering trial court to vacate order as only relief); *In re Tex. Educ. Agency*, 441 S.W.3d at 751 (holding trial court abused its discretion by holding hearings and signing orders denying supersedeas after section 51.014(b) stay was in effect and ordering trial court to vacate order).

Even though the Town's filing of its interlocutory appeal stayed all proceedings in the trial court under section 51.014(b), the trial court has not made any rulings in violation of the stay from which this court can grant relief. *See* Tex. R. App. P. 52.3(k)(1)(A). Accordingly, we deny the Town's petition for writ of mandamus. We lift our November 19, 2015 stay order, but pursuant to section 51.014(b), all proceedings in the trial court remain stayed pending resolution of the Town's appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b).

11

## Swanson's Interlocutory Appeal

Swanson attempts to appeal the trial court's order granting the Town's plea to the jurisdiction, which was signed on September 30, 2015. Therefore, her notice of appeal was due by October 20, 2015. *See* Tex. R. App. P. 26.1(b) (stating that in an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed), 28.1(a) (stating that appeals from interlocutory orders allowed by statute are accelerated appeals). Swanson did not file her notice of appeal until November 10, 2015.

In response to our jurisdiction letter, Swanson claims that regardless of the fact that she filed her appeal over forty days after the order granting the Town's plea to the jurisdiction was signed, her appeal is timely under rule 26.1(d), which provides that "if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later." Tex. R. App. P. 26.1. Swanson argues that because she filed her notice of appeal from the trial court's order granting the Town's plea to the jurisdiction within fourteen days of the Town's filing its notice of appeal from the trial court's orders denying its motions for summary judgment, her appeal is timely as a cross-appeal under rule 26.1(d).

Swanson admits that "[i]t is questionable whether the subject matter jurisdiction issues that Swanson seeks to raise on appeal may be properly brought in a cross-point in the Town's appeal . . . because they . . . arise from a different ruling—the plea to the jurisdiction, rather than the summary judgment

12

orders which are the basis of the Town's appeal." She states that "she only wants an interlocutory appeal if such an appeal is going to be pursued by the Town" and that "Rule 26.1(d) affords [her] the opportunity to decide if she wants an interlocutory appeal in response to the Town's notice." Swanson cites no cases nor have we found any cases supporting her contention that she can utilize rule 26.1(d) in this way. Accordingly, we hold that Swanson's notice of appeal was untimely. *See* Tex. R. App. P. 28.1(b) ("Unless otherwise provided by statute, an accelerated appeal is perfected by filing a notice of appeal . . . within the time allowed by Rule 26.1(b) or as extended by Rule 26.3."); *In re K.A.F.*, 160 S.W.3d 923, 925 (Tex. 2005) ("[T]he language of rule 26.1(b) is clear and contains no exceptions to the twenty-day deadline."). We therefore dismiss her appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f), 44.3.

Swanson also filed a petition for permission to appeal, but it did not contain an order signed by the trial court granting her permission to appeal the September 30, 2015 order granting the Town's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d), (f); Tex. R. App. P. 28.3(a), (c). In order for a permissive appeal to be properly before this court, (1) the trial court must issue a written order encompassing both the order to be appealed and the written permission to appeal that order required by civil practice and remedies code section 51.014(d), (2) the appellant must timely file a petition for permission to appeal with this court within fifteen days after the signing of the trial court's

13

order and attach a copy of that order; and (3) this court must grant the petition for permission to appeal. *See* Tex. R. App. P. 28.3(a)–(c), (e)(2), nn. & cmts.; Tex. R. Civ. P. 168; Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)–(f). Swanson failed to comply with the requirements for bringing a permissive appeal from an interlocutory order because she failed to obtain a written order granting permission to appeal.[7]

Without the trial court's permission to appeal, we lack jurisdiction over Swanson's appeal.[8] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)–(f); *Colvin*, 2015 WL 2228728, at *1–2. Accordingly, we dismiss Swanson's petition for permission to appeal for want of jurisdiction.[9] *See* Tex. R. App. P. 42.3(a), 43.2(f), 44.3.

## Conclusion

We deny the petition for writ of mandamus in cause number 02-15-00356-CV. We lift our November 19, 2015 stay order issued in that cause, but all

---

[7]Swanson also failed to obtain from the trial court an amended order granting her permission to appeal. *See* Tex. R. App. P. 28.3(c). We issued our stay of the trial court proceedings before the trial court heard Swanson's motion for permissive interlocutory appeal.

[8]Swanson has filed a motion asking us to lift our stay so that she could get the trial court's permission to appeal. We deny this motion as moot.

[9]Swanson can appeal the trial court's order granting the Town's plea to the jurisdiction in an appeal from the final judgment. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) ("[I]f the court grants the plea to the jurisdiction, as the trial court did in this case, the plaintiff may take an appeal once that judgment becomes final.").

14

proceedings in the trial court remain stayed pending resolution of the Town's appeal in cause number 02-15-00338-CV. We dismiss for want of jurisdiction Swanson's attempted interlocutory appeal and her petition for permission to appeal in cause number 02-15-00351-CV.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DELIVERED: August 18, 2016