

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-17-00412-CV

———————————————

THE STATE OF TEXAS, TEXAS GENERAL LAND OFFICE,
AND GEORGE P. BUSH, IN HIS OFFICIAL CAPACITY
AS TEXAS LAND COMMISSIONER, APPELLANTS

V.

SIGNAL DRILLING, LLC, JATEN OIL COMPANY, AND RIPARIA, L.C., APPELLEES

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 41,971; Honorable William D. "Bill" Smith, Presiding

December 20, 2017

## ORDER

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This case involves an interlocutory appeal of the trial court's order denying a plea to the jurisdiction filed by Appellants, the State of Texas, Texas General Land Office, and George P. Bush, in his official capacity as the Texas Land Commissioner, in an action filed by Signal Drilling, LLC, as plaintiff, Jaten Oil Company, as an involuntary plaintiff, and Riparia, LC, as an intervenor. Ponderosa TX Operating, LLC, a party to the

proceeding below, but not a party to this interlocutory appeal, has filed its *Motion for Preservation of Property*, as an intervenor in this appeal. Ponderosa is requesting that this court "set a hearing for the approval of expenses," or, in the alternative, "authorize the Trial Court to enter such temporary orders as maybe [sic] necessary in order to maintain and preserve the primary assets of this case." We deny the relief requested.

Prior to Appellants perfecting this appeal, the trial court entered an order authorizing Ponderosa to operate three oil and gas leases which are the subject of the underlying litigation. Those leases are designated as the State AA, State AB, and State AC leases. Pursuant to that order, Ponderosa was authorized to pay a portion of the revenue from those leases (characterized as the disputed working interest) into a Disputed Funds Account. The Honorable Kent Ries, a court-appointed Master, was then authorized to review bills for approval and payment in accordance with the trial court's order.

Generally, while an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and, unless prohibited by statute, may make such further orders as are necessary so long as it does not make an order that (1) is inconsistent with any appellate court temporary order or (2) interferes with or impairs the jurisdiction of the appellate court or the effectiveness of any relief sought or that may be granted on appeal. TEX. R. APP. P. 29.5. One such limiting statute is section 51.014(b) of the Texas Civil Practice and Remedies Code which provides that an interlocutory appeal of an order denying a plea to the jurisdiction filed by a governmental unit stays commencement of a trial and also stays "all other proceedings in the trial court pending resolution of the appeal." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (West Supp. 2017). "[T]he stay

2

set forth in section 51.014 is statutory and allows no room for discretion." *Swanson v. Town of Shady Shores*, Nos. 02-15-00351-CV & 02-15-00356-CV, 2016 Tex. App. LEXIS 9064, at *10 (Tex. App.—Fort Worth Aug. 18, 2016, orig. proceeding) (quoting *Sheinfeld, Maley & Kay*, *P.C. v. Bellush*, 61 S.W.3d 437 439 (Tex. App.—San Antonio 2011, no pet.).

While this court may have authority to issue temporary orders necessary to preserve the rights of the parties pending a final disposition of this appeal; TEX. R. APP. P. 29.3, and it may have the authority to refer any enforcement proceedings to the trial court with instructions to hear evidence and grant appropriate relief, or make findings and recommendations and report them to this court; TEX. R. APP. P. 29.4, Ponderosa TX Operating, LLC has failed to either request that relief or provide an adequate basis for granting such relief. *See Maples v. Muscletech*, *Inc.*, 74 S.W.3d 429, 431 (Tex. App.—Amarillo 2002, no pet.). Accordingly, Ponderosa's *Motion for Preservation of Property* is denied.

It is so ORDERED.

Per Curiam

3