**Motion Granted; Order filed December 18, 2018.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00051-CV

_____

### SAN JACINTO RIVER AUTHORITY, Appellant

### V.

### KYLE BAUER, ET AL., Appellees

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2017-68069**

## ORDER

This is an interlocutory appeal of the trial court's order denying a plea to the jurisdiction filed by appellant San Jacinto River Authority. Appellees filed a motion to lift the automatic stay to permit appellees to file a nonsuit of this action in the trial court. Because any further proceedings in the trial court are stayed pursuant to the provisions of section 51.014(b) of the Texas Civil Practice and Remedies Code, appellees are requesting that this court lift the automatic stay for the purpose of permitting appellees to file a nonsuit without prejudice to re-filing. Appellees filed

an amended motion stating that appellant is not opposed to appellees' motion.

Generally, while an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and, unless prohibited by statute, may make such further orders as are necessary so long as it does not make an order that (1) is inconsistent with any appellate court temporary order; or (2) interferes with or impairs the jurisdiction of the appellate court or the effectiveness of any relief sought or that may be granted on appeal. Tex. R. App. P. 29.5. One such limiting statute is section 51.014(b) of the Texas Civil Practice and Remedies Code, which stays "all other proceedings in the trial court pending resolution of the appeal" while an interlocutory appeal of an order denying a plea to the jurisdiction filed by a governmental unit is pending. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b). "[T]he stay set forth in section 51.014 is statutory and allows no room for discretion." *Swanson v. Town of Shady Shores*, Nos. 02–15–00351–CV & 02–15–00356–CV, 2016 WL 4395779, at *4 (Tex. App.—Fort Worth Aug. 18, 2016, orig. proceeding) (mem. op.) (quoting *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2011, no pet.)). Therefore, a trial court cannot take any action on its own in a proceeding in which an interlocutory appeal has been taken from the denial of a jurisdictional plea filed by a governmental unit. *See City of Sealy v. Town Park Ctr.*, No. 01-17-00127-CV, 2017 WL 3634025 at *1 (Tex. App.—Houston [1st Dist.] Aug. 24, 2017, no pet.) (mem. op.). Under those circumstances, while trial court proceedings are automatically stayed pursuant to section 51.014(b), a party to the underlying proceeding has the general right to seek and obtain permission from the court of appeals to lift the stay and permit the trial court to proceed for a limited purpose. *State v. Signal Drilling, LLC*, 07-17-00412-CV, 2018 WL 343497, at *1 (Tex. App.—Amarillo Jan. 5, 2018, order); *Bishop v. City of Austin*, No. 03-16-00580-CV, 2016 WL 5349384 at *1, 2016 Tex. App.

LEXIS 13920 at *1 (Tex. App.–Austin Sept. 20, 2016, order).

We grant the relief requested. The stay is lifted for the limited purpose of permitting appellees to file a nonsuit in the underlying action.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Donovan.