# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00769-CV

---

**Matthew S. Bovee, Appellant**

v.

**Heinz North America Div. of J.H. Heinz Co., L.P.; CBS News, Inc.; Michael Kasper Heinz; Michael Charles Heinz; Michelle Heinz; and Jericka Duncan, Appellees**

---

**FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY,
NO. D-1-GN-1 9- 003301, THE HONORABLE DON R. BURGESS, JUDGE PRESIDING**

---

## O R D E R

**PER CURIAM**

Appellant Matthew S. Bovee has filed with this Court an "Emergency Motion to Stay Trial Court Proceedings," seeking to invoke and have enforced the automatic stay provided by Civil Practice and Remedies Code Section 51.014(b) pending our resolution of his interlocutory appeal from the district court's order denying his motion to dismiss under the Texas Citizens Participation Act. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (authorizing interlocutory appeal of order denying motion to dismiss under section 27.003 of Civil Practice and Remedies Code), § 51.014(b) (with exceptions not applicable here, interlocutory appeal under subsection (a) "stays the commencement of a trial in the trial court pending resolution of the appeal," and appeal under subsection (a)(12) "stays all other proceedings" in trial court pending resolution of appeal). "[T]he stay set forth in section 51.014 is statutory and allows no

room for discretion.'" *In re Texas Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, orig. proceeding) (quoting *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet. and citing *Tarrant Reg'l Water Dist. v. Gragg*, 962 S.W.2d 717, 718 (Tex. App.—Waco 1998, no pet.)). The district court signed an order on October 29, 2019, six days after appellant filed his notice of appeal, in which the court granted CBS News, Inc., and Jericka Duncan's motion to sever and also granted their request for attorney's fees, costs, expenses, and sanctions. Appellant argues that the October 29 order is voidable, and he asks this court to void it, because the district court's action violated the stay. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 87 n.1 (Tex. 2019) (orig. proceeding) (noting "trial court action taken in violation of the stay is voidable," though the stay may be waived by agreement of the parties). Accordingly, the trial court's order signed after appellant filed his notice of appeal is void. We are compelled to grant appellant's motion and order all trial-level proceedings stayed pending resolution of appellant's interlocutory appeal.

Appellee Michael Kasper Heinz has asked that this Court lift the stay for the limited purpose of allowing him to move for severance in the trial court. However, "[n]either section 51.014 nor any other statute to which we are directed authorizes a court of appeals to lift the stay, whether altogether or for a limited purpose." *Id.* at 87. Therefore, we must deny appellee's motion to lift the stay.

It is ordered on January 30, 2020.


Before Chief Justice Rose, Justices Baker and Triana