**Daniel WAITE, Sr., Appellant,**

**v.**

**Margaret Susan WAITE, Appellee.**

**No. 14-02-00166-CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 2002.

Lawrence S. Rothenberg, Houston, for appellants.

Russell S. Post, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

**OPINION**

PER CURIAM.

This is an interlocutory appeal from an order appointing a receiver, signed February 7, 2002. Appellant filed his notice of appeal on February 8, 2002. Final trial in the underlying divorce proceeding was scheduled to begin on February 11, 2002. The trial court denied appellant's motion to stay the trial. The morning of February 11, 2002, appellant filed a petition for writ of mandamus in this Court in which he sought to compel the trial judge to stay the trial pending resolution of this interloc-

utory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (Vernon Supp.2002). That same morning, this Court issued an order granting immediate temporary relief, ordering the trial stayed. *See* TEX. R.APP. P. 52.8(b), 52.10.

On February 21, 2002, this Court issued an opinion conditionally granting the writ of mandamus, holding that trial must be stayed pending resolution of this interlocutory appeal. *See In Re Waite*, No. 14–02–00122–CV, (Tex.App.-Houston [14th Dist.] February 21, 2002, orig. proceeding) (not designated for publication). We noted that the trial court retained jurisdiction of the case pending the interlocutory appeal and could make further orders, including one dissolving the temporary order on appeal. *See* TEX.R.APP. P. 29.5. On April 16, 2002, the trial court signed an order dissolving the receivership.

■ On April 18, 2002, appellee filed an expedited motion to dismiss the interlocutory appeal and lift the stay of the trial. *See* TEX.R.APP. P. 42.3. In her motion, appellee argues the appeal must be dismissed as moot because the receivership has been dissolved. Appellant objects, arguing that the receivership has not actually been dissolved because the funds under the receiver's control have been deposited into the registry of the court, creating a *de facto* receivership. Appellant's argument is without merit. The February 7, 2002 order appointing a receiver, which was the subject of his interlocutory appeal, has been superseded by the trial court's order of April 16, 2002, dissolving that receivership. It is well settled that an appeal from an interlocutory order must be authorized by statute. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985) (per curiam). An order dissolving a receivership is not appealable; the interlocutory appeal statute permits an appeal *only* from an order that "appoints a receiver."

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(1) (Vernon Supp.2002). The disposition of the receivership funds also may not be challenged by interlocutory appeal. *See generally Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001) (holding that the interlocutory appeal statute is "strictly construed").

■ We hold that the appeal has been rendered moot and must be dismissed. Accordingly, the stay of trial this court imposed on February 11, 2002, is lifted. Appellee states in her motion to dismiss that the trial had begun on the morning of February 11, 2002, before our stay order issued. The statute provides that an interlocutory appeal "shall have the effect of staying the commencement of a trial in the trial court pending resolution of the appeal." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b) (Vernon Supp.2002). The statute is mandatory and allows no room for discretion. *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 2001 WL 314804 (Tex.App.-San Antonio 2001, no pet) (citing *Tarrant Regional Water Dist. v. Gragg*, 962 S.W.2d 717, 718 (Tex.App.-Waco 1998, no pet)). Because the statute requires *commencement* of trial stayed after an interlocutory appeal has been filed, the trial court erred in beginning the trial. Therefore, the trial must now begin anew.

Accordingly, we grant appellee's motion, dismiss the appeal, and lift the trial stay. It is ordered that each party shall bear his or her own costs of the appeal. It is further ordered that mandate shall issue immediately. *See* TEX.R.APP. P. 18.6.