

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00483-CV

Rowland **MARTIN**, Jr.,
Appellant

v.

Edward L. **BRAVENEC** and 1216 West Ave., Inc.,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-07644
Honorable Dick Alcala, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 13, 2015

AFFIRMED

This is an accelerated appeal of two orders.  The first order grants a temporary injunction,

and the second order denies a motion to dismiss filed pursuant to the Texas Citizens Participation

Act.[1]  We affirm both orders.

### BACKGROUND

Appellee Edward L. Bravenec was a co-owner of a second lien on property located at 1216

West Avenue, San Antonio, Texas (the "Property").  In 2006, the owner of the first lien, Reliant

---

[1] By order dated December 8, 2014, this court limited this appeal to those two orders.

Financial, Inc., sought to foreclose on the lien. A dispute arose between the lienholders, and Bravenec and his co-owner filed a lawsuit seeking to prevent the foreclosure sale. Eventually, the parties reached a settlement agreeing to dismiss the lawsuit; however, a petition to intervene in the lawsuit filed by appellant Rowland Martin, Jr. remained pending. In disposing of the lawsuit, the trial court signed two orders. The first order approved the settlement and dismissed the cause. The second order denied the intervention and expressly found "the foreclosure having taken place on the 3rd day of October, 2006 is valid."

In 2010, Martin filed a lawsuit in federal district court against Reliant Financial, Bravenec, and others alleging numerous causes of action relating to the ownership of the Property. The federal district court granted summary judgments in favor of all the defendants and entered a take nothing judgment on December 21, 2012. In the summary judgment granted in favor of Bravenec, the federal district court ordered Martin to show cause why monetary sanctions should not be imposed against him for: "(1) repeatedly filing lawsuits for the purposes of harassment and the needless increase of litigation costs; and (2) continuing to assert claims that he knows are non-meritorious." On February 1, 2013, the federal district court entered an order imposing sanctions by directing the district clerk's office not to accept for filing any further motions filed by Martin in that case or any new *pro se* complaints without the prior written approval of a district judge. The federal district court's order stated:

> The Court observes that for years Plaintiff has engaged in a campaign of harassing, frivolous, and duplicative litigation. His lawsuits have served no purpose other than to increase the litigation costs of the Defendants and waste judicial resources. The Court finds that it is necessary to take some action to curtail the Plaintiff's propensity to burden the Court with meritless litigation.

The Fifth Circuit Court of Appeals affirmed the federal district court's judgment and also entered an order cautioning Martin that if "he continues to engage in frivolous and vexatious litigation —

for example, asking for relief the court has repeatedly found is not warranted — sanctions may be imposed."

After the Fifth Circuit affirmed the federal district court's judgment, the federal district court entered an order on March 5, 2014, commenting on Martin's history of filing notices of lis pendens against the Property as follows:

> On January 18, 2013, Rowland Martin filed a notice of Lis Pendens affecting the real property located at 1216 West Avenue, San Antonio, Texas (the Property). The notice of Lis Pendens indicated that Martin intended to appeal the judgment entered by this Court in the above styled and numbered cause. After the Fifth Circuit affirmed this Court's judgment and Martin refused to cancel his notice of Lis Pendens, this Court entered an order cancelling the Notice. Thereafter, Martin filed a motion for rehearing *en banc* in the Fifth Circuit as well as an amended Notice of Lis Pendens. On December 4, 2013, the Fifth Circuit denied his petition for a rehearing and the Court entered an order cancelling the amended notice of Lis Pendens. That same day, Plaintiff filed a third notice of Lis Pendens, this time indicating that title to the Property was affected by a Bexar County Probate Court matter styled *In re. Estate of Johnnie Mae King*, Cause No. 2001-PC-1263. The notice of Lis Pendens asserts that Martin was the administrator of the Estate and that Defendant Edward Bravenec was "attorney of record." It did not, however, clarify what bearing that probate matter has on the Property at issue in the instant suit.

After reciting the foregoing history, the federal district court found that it did not have jurisdiction to cancel the third lis pendens and recommended that a motion to expunge be filed in the Bexar County Probate Court. Bravenec followed the recommendation, and, on March 19, 2014, the Bexar County Probate Court entered an order finding that the estate did not have an interest in the Property and cancelled the notice of lis pendens filed on or about December 3, 2013, and a further notice of lis pendens filed on or about March 7, 2014.

On May 13, 2014, appellees Bravenec and 1216 West Ave., Inc. filed the underlying lawsuit, asserting a claim for tortious interference with contractual relations.[2] The lawsuit alleged that Martin's continued filings of notices of lis pendens and other documents has prevented the

---

[2] The Property is owned by one or both appellees.

appellees from selling the Property, asserting, "A title company refuses to insure the transaction until a lis pendens is removed. Once the lis pendens is removed, Martin simply files another to delay the transaction."

On May 14, 2014, the trial court entered a temporary restraining order cancelling another document filed by Martin asserting an interest in the Property and enjoining Martin from filing any further documents in the deed records relating to the Property. The order set a hearing for May 27, 2014, on whether to convert the temporary restraining order to an injunction; however, the parties agreed to a continuance and reset the hearing for July 9, 2014.

On June 2, 2014, Martin filed another notice of lis pendens in the pending lawsuit. On June 12, 2014, Bravenec filed a motion seeking to hold Martin in contempt for violating the temporary restraining order. The motion for contempt also was set for a hearing on July 9, 2014. On July 9, 2014, Martin filed a document entitled "Special Appearance for Pleas to Jurisdiction and Texas Citizens Participation Act Motion to Dismiss."

When the hearing was called on July 9, 2014, Bravenec agreed to a continuance on the motion for contempt and the hearing proceeded on the temporary injunction and Martin's motion to dismiss pursuant to the Texas Citizens Participation Act. At the conclusion of the hearing, the trial court announced its ruling. The trial court first granted the temporary injunction and stated, "It is rendered today." The trial court then denied the motion to dismiss.

On July 10, 2014, Bravenec filed a motion to enter orders, attaching the draft orders. The motion was set for a hearing on July 17, 2014, and Bravenec's attorney presented the draft orders for the trial court to sign. Martin objected to the entry of the temporary injunction because he filed a notice of appeal of the trial court's order denying his motion to dismiss on July 9, 2014. Martin contended that his filing of the notice of appeal invoked the automatic stay provision set forth in section 51.014(b) of the Texas Civil Practice and Remedies Code. Concluding that the stay did

not take effect until the order was signed, the trial court signed the orders. From the reporter's record of the hearing, it appears that the trial court signed the order denying the motion to dismiss before signing the order granting the temporary injunction. Martin appeals those two orders.

## ISSUES PRESENTED

In his brief, Martin lists the following three issues as being presented for review:

Issue 1: The Temporary Injunction Order Employed a Treatment of the Interlocutory Appeal Statute That is Constitutionally Suspect As Applied to Comply with Open Courts Doctrine.

Issue 2: The Trial Court Departed From The Law That Governs Specificity Requirements For Temporary Injunction Orders Set Forth in Tex. R. Civ. P. 683.

Issue 3: The Trial Court Misapplied The Texas Citizens Participation Act's Burden-Shifting Procedures By Failing To Treat Lis Pendens Notices As Incidental To The Exercise Of the Rights to Free Speech, To Petition And To Participate in Government To The Maximum Extent.

In briefing these issues, Martin makes legal arguments and raises sub-issues which often do not appear to relate to the general issue presented.[3]

"An issue is multifarious when it generally attacks the trial court's order with numerous arguments." *Hamilton v. Williams*, 298 S.W.3d 334, 338 n.3 (Tex. App.—Fort Worth 2009, pet. denied). "We may disregard any assignment of error that is multifarious." *Id.*; *see also Shull v. United Parcel Serv.*, 4 S.W.3d 46, 51 (Tex. App.—San Antonio 1999, pet. denied). "Alternatively, we may consider a multifarious issue if we can determine, with reasonable certainty, the error about which complaint is made." *Hamilton*, 298 S.W.3d at 338 n.3; *see also Shull*, 4 S.W.3d at 51.

---

[3] To the extent Martin's reply brief raises additional issues, those issues are waived. *See Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 72 (Tex. App.—San Antonio 2011, no pet.); *Lopez v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.—San Antonio 2003, pet. denied).

Applying this legal principle to Martin's brief, we can determine, with reasonable certainty, he complains about the following alleged errors:

(1) the trial court erred in signing the temporary injunction order in violation of the automatic stay set forth in section 51.014(b) of the Texas Civil Practice and Remedies Code;

(2) the trial court erred in granting a temporary injunction because the appellees failed to plead a justiciable cause of action; and

(3) the trial court erred in denying his motion to dismiss under the Texas Citizens Participation Act because: (a) he met his burden to show that the underlying lawsuit was in response to his exercise of the right of free speech or petition; and (b) the appellees did not establish, by clear and specific evidence, a prima facie case for each essential element of their claim.

Accordingly, we address only these issues. *See Hamilton*, 298 S.W.3d at 338 n.3; *Shull*, 4 S.W.3d at 51.

### TEMPORARY INJUNCTION ORDER AND AUTOMATIC STAY

In his first issue, Martin contends the trial court erred in signing the order granting the temporary injunction in violation of the automatic stay set forth in section 51.014(b) of the Texas Civil Practice and Remedies Code ("Code"). To support this contention, Martin relies on the reporter's record from the July 17, 2014 hearing on the motion to enter orders, from which it appears the trial court signed the motion denying Martin's motion to dismiss before signing the order granting the temporary injunction. Martin also relies on the premature notice of appeal he filed based on the trial court's verbal rulings at the July 9, 2014 hearing.

Section 51.014(a)(12) of the Code allows a person to appeal from an interlocutory order of a trial court that denies a motion to dismiss filed under section 27.003 of the Texas Citizens Participation Act ("Act"). TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (West 2015). Under section 51.014(b), an interlocutory appeal under section 51.014(a)(12) stays all proceedings in the trial court pending resolution of the appeal. *Id*. at § 51.014(b). "[T]he stay set forth in

section 51.014 is statutory and allows no room for discretion." *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.); *see also Waite v. Waite*, 76 S.W.3d 222, 223 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Section 51.014(a)(12) only permits an appeal from the trial court's order, not a verbal ruling. *Id*. at § 51.014(a)(12). In this case, the trial court did not sign the order denying Martin's motion to dismiss until July 17, 2014. Martin contends that because he prematurely filed his notice of appeal before July 17, 2014, the stay imposed by section 51.014(b) immediately became effective when the trial court signed the order denying the motion to dismiss. As a result, Martin asserts the trial court lacked jurisdiction to sign the order granting the temporary injunction after the trial court signed the order denying the motion to dismiss. Because the trial court signed the order granting the temporary injunction after the order on the motion to dismiss was signed, Martin argues the order granting the temporary injunction violated the automatic stay and is void.

Rule 27.1(a) of the Texas Rules of Appellate Procedure provides, "In a civil case, a prematurely filed notice of appeal is effective and deemed filed *on the day of*, but after, the event that begins the period for perfecting the appeal." TEX. R. APP. P. 27.1(a) (emphasis added). Accordingly, Martin's premature notice of appeal was deemed filed on the *day* that the trial court signed the order denying his motion to dismiss.

Martin suggests that rule 27.1(a) dictates that the trial court was subject to the section 51.014(b) stay the instant the trial court signed the order denying Martin's motion to dismiss. Under the circumstances of this case, we disagree.

In this case, the record clearly reflects that the trial court was simultaneously executing orders based on its prior verbal rulings. In pronouncing its verbal rulings, the trial court first granted the temporary injunction. Given these circumstances, interpreting rule 27.1(a) in the manner suggested by Martin would lead to an absurd result, *i.e.*, depriving a trial court of the

authority to simultaneously execute orders in accordance with its prior verbal rulings. Just as this court will not construe statutes in a manner that leads to an absurd result, this court also will not construe an appellate rule in such a manner. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010) (noting courts will not construe plain meaning of statute to lead to absurd result); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997) (noting Texas Supreme Court has instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably); *In re Emeritus Corp.*, 179 S.W.3d 112, 114 (Tex. App.—San Antonio 2005, orig. proceeding [mand. dism'd]) (noting courts apply same rules of construction to procedural rules as applied to statutes); *State v. Mercer*, 164 S.W.3d 799, 810-11 (Tex. App.—Corpus Christi 2005, pet. ref'd) (noting rules of statutory construction apply to construction of rules of appellate procedure); *Mercier v. State*, 96 S.W.3d 560, 562 (Tex. App.—Fort Worth 2002, pet. stricken) (same).

Because the trial court simultaneously executed the order granting the temporary injunction and the order denying the motion to dismiss under section 27.003 based on its prior verbal rulings, we hold the section 51.014(b) automatic stay did not deprive the trial court of the jurisdiction to execute the order granting the temporary stay. Martin's first issue is overruled.

### JUSTICIABLE CAUSE OF ACTION

In his second issue, Martin contends the temporary injunction is void because the appellees did not allege a justiciable cause of action in their pleadings. Martin specifically argues that neither an application to cancel a lis pendens nor an allegation of res judicata allege a cause of action sufficient to support the issuance of a temporary injunction.

"An injunction is an equitable remedy, not a cause of action." *Brittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied). "To obtain an injunction, a party

must prove a probable right of recovery through a claim or cause of action." *Id*. "If a claim or cause of action is not alleged, the trial court lacks authority to issue an injunction." *Id*.

Although Martin's brief correctly acknowledges the foregoing legal principle, Martin does not properly construe the appellees' pleadings. In this case, the appellees' pleadings plainly allege a claim for tortious interference with contract.[4] The appellees' petition contains a subheading entitled "Tortious Interference with Contractual Relations." The petition sets forth the elements of such a claim and contains allegations relating to each of those elements. Texas has long-recognized a cause of action for tortious interference with contract. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 818 (Tex. 2005); *see also Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 712-13 (Tex. 2001) (noting Texas also "has long recognized a tort cause of action for interference with a prospective contract or business relation"). Accordingly, because the appellees' pleading alleges a claim for tortious interference with contract, Martin's second issue is overruled.[5]

## TEXAS CITIZENS PARTICIPATION ACT

In his final issue, Martin contends the trial court misapplied the burden shifting procedures of the Texas Citizens Participation Act ("Act") by "neglecting to notice that lis pendens filings involve protected speech." Martin also asserts the appellees failed to offer clear and specific evidence to substantiate each element of their cause of action.

---

[4] The appellees' brief refers to a second claim alleging the filing of a fraudulent lien which was added in an amended petition filed on July 8, 2014, the day before the trial court's hearing. Because we hold the tortious interference claim was sufficient to support the issuance of the temporary injunction, we do not address this second claim.

[5] In this issue, Martin also refers to the requirement that a party must establish the existence of an imminent injury to obtain injunctive relief. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (listing "a probable, imminent, and irreparable injury in the interim" as an element an applicant for a temporary injunction must plead and prove). In addition to this reference making the issue multifarious, we note Martin refers to a "transfer to Torrabla" as evidence to defeat this element. This reference, however, relies on evidence outside our appellate record. This court may not consider matters outside the appellate record. *See Mauldin v. Clements*, 428 S.W.3d 247, 262 n.3 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *In re D.A.M.*, No. 04-13-00601-CV, 2013 WL 6546950, at *1 (Tex. App.—San Antonio Dec. 11, 2013, pet. denied) (mem. op.); *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App.—El Paso 1995, no writ).

A.      Overview of the Act and Standard of Review

Among other purposes, the Act is designed to "encourage and safeguard the constitutional rights of persons to petition . . . and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury."  TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2015).  The Act is to "be construed liberally to effectuate its purpose and intent fully."  *Id*. at § 27.011(b).

In order to promote these purposes, the Act "creates an avenue at the early stage of litigation for dismissing unmeritorious suits that are based on the defendant's exercise of the rights of free speech, petition, or association" as the Act defines those rights.  *In re Lipsky*, 411 S.W.3d 530, 539 (Tex. App.—Fort Worth 2013, orig. proceeding [mand. pending]).  In this regard, the Act contains "a burden-shifting mechanism" in seeking and defending against a dismissal.  *Rio Grande H2O Guardian v. Robert Muller Fam. P'ship Ltd.*, No. 04-13-00441-CV, 2014 WL 309776, at *2 (Tex. App.—San Antonio Jan. 29, 2014, no pet.); *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 723 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).  The moving party must show by a preponderance of the evidence that the legal action it seeks to dismiss is "based on, relates to, or is in response to the party's exercise of" the right of free speech, petition, or association.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b) (West 2015); *see also Rio Grande H2O Guardian*, 2014 WL 309776, at *2; *In re Lipsky*, 411 S.W.3d at 539; *Rehak*, 404 S.W.3d at 723.  If the moving party meets this burden, the burden shifts to the party bringing the legal action to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *see also Rio Grande H2O Guardian*, 2014 WL 309776, at *2; *In re Lipsky*, 411 S.W.3d at 539; *Rehak*, 404 S.W.3d at 723-24.  We review both steps in this analysis under a *de novo* standard of review.  *See Rio Grande H2O Guardian*, 2014 WL 309776, at *2; *Rehak*, 404 S.W.3d at 724-27.

B.     Exercise of Right to Petition

Focusing on the first step in our analysis, the appellees' tortious interference claim relates to Martin's continual filings of notices of lis pendens and documents with the district clerk and in the deed records clouding title to the Property.  In fact, the appellees' motion for contempt that remains pending in the trial court directly relates to Martin's filing of a notice of lis pendens in the underlying cause notifying potential purchasers of his pending counterclaims regarding title to the Property.

The "exercise of the right to petition" includes a "communication in or pertaining to a judicial proceeding" and a "communication in connection with an issue under consideration or review by a . . . judicial . . . body."  TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(i), (4)(B) (West 2015).  In this case, the lis pendens and documents filed by Martin all relate to his pending claim in the underlying lawsuit that he has an interest in the Property.  Accordingly, we hold Martin met his burden of showing by a preponderance of the evidence that the appellees' lawsuit is "based on, relates to, or is in response to [Martin's] exercise of" the right of petition.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b) (West 2015); *see also James v. Calkins*, 446 S.W.3d 135, 147-48 (Tex. App.—Houston [1st Dist.] 2014, pet. filed) (holding filing of notice of lis pendens and pleadings in lawsuit are communication in or pertaining to a judicial proceeding and lawsuit alleging claims based on those actions related to exercise of right to petition).

C.     Clear and Specific Evidence

Because Martin satisfied the first step of our analysis, the burden shifts to the appellees to establish "by clear and specific evidence a prima facie case for each essential element" of their tortious interference claim.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *see also Rio Grande H2O Guardian*, 2014 WL 309776, at *2; *In re Lipsky*, 411 S.W.3d at 539; *Rehak*, 404 S.W.3d at 723-24.  The Act "does not define what sort of evidence satisfies the 'clear and specific' qualitative

standard, but it expresses that in determining the propriety of dismissal, courts may consider 'the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.'" *In re Lipsky*, 411 S.W.3d at 539 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a)); *see also Rio Grande H2O Guardian*, 2014 WL 309776, at \*2. "'Clear and specific evidence' has been described as evidence that is 'unaided by presumptions, inferences, on intendments.'" *Rio Grande H2O Guardian*, 2014 WL 309776, at \*2 (quoting *Rehak*, 404 S.W.3d at 726). "'Prima facie evidence is evidence that, until its effect is overcome by other evidence, will suffice as proof of a fact in issue.'" *Rio Grande H2O Guardian*, 2014 WL 309776, at \*2 (quoting *Rehak*, 404 S.W.3d at 726). "'In other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposite party.'" *Rio Grande H2O Guardian*, 2014 WL 309776, at \*2 (quoting *Rehak*, 404 S.W.3d at 726). "Therefore, in analyzing the second step, 'we determine de novo whether the record contains a minimum quantum of clear and specific evidence that, unaided by inferences, would establish each essential element of the claim in question if no contrary evidence is offered.'" *Rio Grande H2O Guardian*, 2014 WL 309776, at \*2 (quoting *Rehak*, 404 S.W.3d at 727). We also note that unlike other types of cases where pleadings are not considered evidence, section 27.006 of the Act, which is entitled "Evidence," expressly provides, "In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN § 27.006(a). Therefore, we may consider the appellees' pleadings as evidence in this case. *Rio Grande H2O Guardian*, 2014 WL 309776, at \*3.

The elements of a tortious interference with contract claim are: (1) the existence of a contract subject to interference, (2) the occurrence of an act of interference that was willful and intentional, (3) the act was a proximate cause of the plaintiff's damage, and (4) actual damage or

loss occurred. *Holloway v. Skinner*, 898 S.W.2d 793, 795-96 (Tex. 1995); *Benavides v. Mathis*, 433 S.W.3d 59, 63 n.3 (Tex. App.—San Antonio 2014, pet. denied). With regard to the existence of a contract, the pleadings alleged the appellees have a contract to sell the Property, and Bravenec identified the name of the prospective purchaser at the hearing. With regard to the occurrence of an act of interference, the pleadings alleged Martin had "admitted, in open court, his intention to obstruct [the] sale of the [P]roperty," and evidence was introduced at the hearing of a series of willful, intentional acts taken by Martin to interfere with the appellees' ability to sell the Property, including the filing of at least four prior lis pendens that were cancelled and expunged by various courts. The evidence also included the Perfected Notice of Lis Pendens filed by Martin in the underlying cause in response to which Bravenec filed his motion for contempt alleging Martin had violated the trial court's temporary restraining order. The appellees' pleadings further allege that Martin's acts have prevented them from selling the Property since September of 2013, and the title company refused to insure the pending transaction until the lis pendens and other documents filed by Martin are removed. Bravenec also testified at the hearing that he had been trying to sell the Property for nine months, and Martin's actions had prevented any sale. Having reviewed the pleadings and the entire record, we hold the appellees met their burden of establishing by clear and specific evidence a prima facie case for each essential element of their tortious interference claim.[6]

---

[6] In arguing this issue in his brief, Martin again makes statements referring to a sale to Torrabla Properties as evidence to defeat the elements of the appellees' tortious interference claim. As previously noted, however, this evidence is outside our record and will not be considered. *See Mauldin*, 428 S.W.3d at 262 n. 3, *In re D.A.M.*, 2013 WL 6546950, at *1, *Siefkas*, 902 S.W.2d at 74. Additionally, in Martin's reply brief, Martin makes several references to defenses to appellees' tortious interference claim. It appears these references may be an effort to rely on section 27.005(d) of the Act which provides that if the non-movant satisfies its burden of establishing a prima facie case on each element of its claim, the trial court shall still dismiss the legal action if the moving party establishes each essential element of a valid defense. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d) (West 2015). As previously noted, this court will not consider issues raised for the first time in a reply brief. *Marin Real Estate Partners, L.P.*, 373 S.W.3d at 72; *Lopez*, 131 S.W.3d at 61. In briefing the issue regarding the trial court's denial of his motion to dismiss under the Act in his initial brief, Martin did not argue that the trial court erred in denying his motion to dismiss because he presented evidence of each essential element of a valid defense under section 27.005(d). Accordingly, we will not consider that issue in resolving this appeal.

D.    Conclusion

Because Martin satisfied his burden of showing the underlying action related to his exercise of the right to petition, the burden shifted to the appellees to establish by clear and specific evidence a prima facie case for each essential element of their tortious interference with contract claim. Because we hold the appellees satisfied this burden, the trial court did not err in denying Martin's motion to dismiss under the Act.

## CONCLUSION

The trial court's orders granting a temporary injunction and denying Martin's motion to dismiss under the Act are affirmed.

Sandee Bryan Marion, Chief Justice