

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00366-CV

———————————————

DARYL GREG SMITH, INDIVIDUALLY AND AS
PARTNER/MEMBER/MANAGER/OWNER AND/OR ALTER EGO OF:
CADDOA CREEK RANCH, LLC, CANADIAN RIVER RANCH PARTNERSHIP,
CANADIAN RIVER RANCH PARTNERS, CANADIAN RIVER RANCH LLC,
SMITH LAND & CATTLE GP, LLC, SMITH RANCHING LTD, HIGH POINT
RANCH, LLC, LAKESIDE RANCH BC, LLC, SMITH RANCH MERIDIAN,
LLC, C2S PROPERTY HOLDINGS, LLC, DD FARMS, LLC, MAC AG
PROPERTIES, LLC, SMITH ROYALTIES, LLC, THE SMITH IRREVOCABLE
TRUST; AND CADDOA CREEK RANCH, LLC; AND DAREN KEITH REED,
INDIVIDUALLY AND AS PARTNER/MEMBER/MANAGER AND/OR OWNER
OF: CANADIAN RIVER RANCH PARTNERSHIP, CANADIAN RIVER RANCH
PARTNERS, CANADIAN RIVER RANCH LLC, AND CADDOA CREEK
RANCH, LLC, Appellants
V.

KAREN ANNETTE SMITH, Appellee

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-584465-15

---

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellants brought this interlocutory appeal from the trial court's order appointing a receiver in the underlying divorce action, which the trial court signed on October 30, 2018. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1) (authorizing immediate appeal from order appointing a receiver). After appellants filed their brief, the trial court signed an agreed order dissolving the October 30, 2018 receivership order. On May 10, 2019, appellee Karen Annette Smith filed a motion to dismiss this appeal, arguing that the trial court's order dissolving the October 30, 2018 receivership order renders this appeal moot. The certificate of conference in Smith's motion indicates that she attempted to confer with counsel for appellants regarding the motion but that counsel for appellants did not respond. More than ten days have now elapsed since Smith filed her motion, and appellants have not filed a response. *See* Tex. R. App. P. 10.3(a).

We agree with Smith that the trial court's order dissolving the October 30, 2018 receivership order renders this appeal moot. *See Waite v. Waite*, 76 S.W.3d 222, 222–23 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding that trial court's order dissolving its prior receivership order while interlocutory appeal from that prior receivership order was pending rendered the appeal moot). Therefore, we grant her motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3, 43.2(f); *Waite*, 76 S.W.3d at 222–23.

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  June 6, 2019