**Opinion issued February 29, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00710-CV

———————————

**GRAHAM WILSON GILLIAM, Appellant**

**V.**

**DIANE WERLEIN GILLIAM, Appellee**

---

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-43163**

---

## MEMORANDUM OPINION

On December 28, 2023, the court ordered the appellant, Graham Wilson Gilliam, to file a response demonstrating that the court has jurisdiction to entertain this appeal. In response, the appellant filed a document titled "Motion for Panel

Hearing of Appeal and Response," in which he maintains that the court should decide his appeal on the merits rather than dismissing it for lack of jurisdiction.

Because the appeal is moot, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

On September 30, 2022, the appellant filed his notice of appeal in this lawsuit. The appellant has appealed from the trial court's September 27, 2022 order granting a default judgment and appointing a receiver. In his appellate brief, he presents fifteen issues for consideration, all of which concern the trial court's appointment of a receiver or some other aspect of the trial court's default-judgment order.

On November 18, 2022, at the parties' request, the trial court entered an order setting aside and dissolving the default judgment, dissolving the receivership, and discharging the receiver. Because this is an interlocutory appeal, the trial court was not prohibited from doing so even though the appellant had already appealed. *See* TEX. R. APP. P. 29.5 (providing that while interlocutory appeal is pending, trial court retains jurisdiction and may make further orders in case, including dissolving order complained of on appeal, unless statutory provision prohibits doing so); TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1), (b) (authorizing interlocutory appeal from order appointing receiver but staying only commencement of trial, except in suits brought under Family Code in which event trial is not stayed, and not staying all other proceedings in trial court upon filing of appeal from order of appointment).

2

In her appellate brief, the appellee, Diane Werlein Gilliam, contends that this intervening order moots the appellant's issues and his appeal. In his reply brief, the appellant concedes that the trial court dissolved the receivership. But he disputes that the trial court set aside the default judgment and maintains his appeal is not moot.

However, the record contradicts the appellant. The first page of the trial court's order states: "IT IS ORDERED that the Default Judgment for Non-Contempt Enforcement Remedies and Order Granting Motion for Appointment of Receiver signed by this Court on September 27, 2022 is hereby set aside and dissolved."

## DISCUSSION

### Standard of Review

Whether we lack subject-matter jurisdiction because the issues on appeal have become moot is a question of law, which we review de novo. *Noteware v. Turner*, 576 S.W.3d 835, 839–40 (Tex. App.—Houston [1st Dist.] 2019, pet. denied).

### Applicable Law

A controversy must exist between the parties at every stage of a suit, including on appeal. *Id.* at 839. If a controversy ceases to exist on appeal, then the appeal is moot, and we must dismiss the appeal for lack of jurisdiction. *See id.* at 839–40.

A controversy is moot when the dispute between the parties is no longer at issue such that any judgment rendered will no longer affect them. *Id.* Stated succinctly, if a decision on the merits will no longer have an effect on the parties'

rights or interests, then the controversy has become moot. *Tex. Dep't of Crim. Just. v. Bovee*, 632 S.W.3d 244, 249 (Tex. App.—Houston [1st Dist.] 2021, no pet.).

**Analysis**

On appeal, the appellant urges us to reverse the trial court's September 27, 2022 order granting a default judgment and appointing a receiver. All of the appellant's appellate complaints relate to this order. But the trial court has since set aside and dissolved the September 27, 2022 order in its entirety. Thus, if we decided the issues the appellant raises on appeal, it would not affect the parties' rights or interests, and for this reason the appeal before us is moot. *See Waite v. Waite*, 76 S.W.3d 222, 223 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (per curiam) (holding trial court's order dissolving receivership mooted interlocutory appeal from order appointing receiver); *accord Smith v. Smith*, No. 02-18-00366-CV, 2019 WL 2429406, at *1 (Tex. App.—Fort Worth June 6, 2019, no pet.) (mem. op.).

In his response to this court's order directing him to demonstrate that this court has jurisdiction to entertain his appeal, the appellant argues that this appeal is not interlocutory. If this is so, then this court would have jurisdiction because the trial court could not have set aside and dissolved its September 27, 2022 order. *See Carrillo v. State*, 480 S.W.2d 612, 616 (Tex. 1972) (stating that general rule in civil cases is that trial court lacks jurisdiction to vacate judgment after filing of appeal).

We reject the appellant's argument. When, as here, there has not been a full trial on the merits, a trial court's judgment is final and appealable only if it: (1) unambiguously states that it disposes of all parties and claims in the suit, whether it actually does so or not; or (2) actually disposes of all parties and claims in the suit, regardless of its language. *OHK Global v. Motaghi*, 679 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2023, pet. denied). Here, the trial court's September 27, 2022 order does not satisfy either of these criteria for finality and appealability.

The trial court's September 27, 2022 order is titled "Default Judgment for Non-Contempt Enforcement Remedies and Order Granting Motion for Appointment of Receiver." A default judgment, like this one, is not necessarily a final, appealable judgment. *See In re Burlington Coat Factory Warehouse of McAllen*, 167 S.W.3d 827, 829 (Tex. 2005) (observing that there is no presumption of finality with respect to default judgment as distinguished from judgment after full trial on merits). The order does not state that it disposes of all parties and claims. Nor does it actually do so. The order finds that the appellant defaulted by failing to appear and orders the appointment of a receiver. The sole relief provided in the order relates to the appointment of the receiver, who is to facilitate the sale of the parties' marital home. Among other things, the order does not purport to address the claim for attorney's fees made by the appellee in her underlying petition to enforce the divorce decree. *See Sealy Emergency Room v. Free Standing Emergency Room Managers of Am.*,

No. 22-0459, 2024 WL 735942, at *5–7 (Tex. Feb. 23, 2024) (discussing in summary-judgment context when fee claims that are not expressly resolved remain pending and affect finality). Therefore, the trial court's September 27, 2022 order is not a final, appealable judgment.

In the absence of a final and appealable judgment, we only have jurisdiction if a statute authorizes interlocutory review. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). The lone applicable statute in this litigation is the one allowing an interlocutory appeal from an order appointing a receiver. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1). But as we have noted, the trial court has set aside and dissolved that order, which renders the appellant's appeal moot. *See Waite*, 76 S.W.3d at 223; *see also Smith*, 2019 WL 2429406, at *1.

The record on appeal does not disclose any other basis for jurisdiction.

## CONCLUSION

Because this appeal has become moot, we dismiss the appeal for lack of subject-matter jurisdiction. *See* TEX. R. APP. P. 42.3(a) (authorizing court to dismiss appeal for want of jurisdiction, provided parties receive ten days' notice); TEX. R. APP. P. 43.2(f) (authorizing court to enter judgment dismissing appeal).


Gordon Goodman
Justice

6

Panel consists of Justices Goodman, Landau, and Hightower.