

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00828-CV

Abrahiem **SARWAR** as Administrator of the Estate of Mohammad Sarwar and acting
derivatively on behalf of MSI Rittiman, Inc and Chenab, Inc,
Appellant

v.

Mohammad Saeed **AKHTAR**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CI20397
Honorable Antonia Arteaga, Judge Presiding

Opinion by:  H. Todd McCray, Justice

Sitting:  Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: December 3, 2025

DISMISSED

Appellant Abrahiem Sarwar appeals from the trial court's interlocutory order appointing a
receiver over real property jointly owned by the parties. Because the receivership was subsequently
completed and the receiver discharged, there is no longer a live controversy concerning the
propriety of the appointment and the appeal is moot. We therefore dismiss the appeal for lack of
jurisdiction.

**BACKGROUND**

The underlying dispute arises, in part, from a mediated settlement agreement between Sarwar and Mohammad Akhtar concerning real property jointly owned by the parties. The settlement agreement required the property to be sold by a commercial broker, with the proceeds divided between the parties. When a dispute arose regarding the broker's performance, the trial court signed an order (Appointment Order), which appointed attorney Miguel Ortiz as receiver over the property and authorized him to act in conformity with the settlement agreement as to the sale of the property at issue. Sarwar brought this interlocutory appeal under Texas Civil Practices and Remedies Code section 51.014(a)(1), which authorizes an immediate appeal from an order appointing a receiver. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1).

During the pendency of the appeal, Ortiz sold the property and filed a final accounting. The trial court signed an order (Dissolution Order) approving the receiver's accounting, directing distribution of the net sales proceeds, and fully and finally discharging the receiver, stating "there is no necessity for continuation of these receivership services." Upon notification of the Dissolution Order, we ordered Sarwar to show cause why this appeal should not be dismissed for lack of jurisdiction given the dissolution of the receivership. Sarwar responded, alleging that because the trial court's Dissolution Order was procured by fraud and procedural irregularities, the appeal is not moot. We disagree.

**JURISDICTION**

**A. Scope**

Sarwar claims that the receiver engaged in inappropriate and fraudulent activity that invalidates the Dissolution Order, thus keeping this controversy alive. However, those allegations concern actions, events and rulings occurring after the appointment of the receiver and therefore

fall outside the limited scope of this interlocutory appeal. Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute expressly provides appellate jurisdiction. *Benefield v. State,* 266 S.W.3d 25, 29 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Stary v. DeBord*, 967 S.W.3d 352, 352-53 (Tex. 1998)). Statutes granting jurisdiction over interlocutory appeals must be strictly construed. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001).

An interlocutory appeal under section 51.014(a)(1) of the Texas Civil Practices and Remedies Code provides appellate jurisdiction only to review the order *appointing* a receiver or trustee, not to subsequent orders concerning the receiver's actions, compensation or discharge. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1). Accordingly, the only order on appeal in this case is the original Appointment Order. While the subsequent Dissolution Order terminated that appointment and divested the receiver of any further authority, the Dissolution Order is not subject to our review in this appeal.[1] *See de la Torre v. de la Torre*, 613 S.W.3d 307, 310 (Tex. App.—Austin 2020, no pet.) ("Interlocutory orders are appealable only if made appealable by statute and only to the extent jurisdiction is conferred by statute."); *Waite v. Waite*, 76 S.W.3d 222, 223 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("An order dissolving a receivership is not appealable; the interlocutory appeal statute permits an appeal *only* from an order that 'appoints a receiver.'"); *see also Haluska v. Haluska-Rausch*, No. 03-11-00312-CV, 2012 WL 254639, at *2 (Tex. App.—Austin Jan. 24, 2012, no pet.) ("Section 51.014(a) allows for an interlocutory appeal of an order that appoints a receiver or trustee," but it "does not permit us to exercise jurisdiction from interlocutory appeals of orders appointing successor trustees or receivers.").

---

[1] We note that whether the discharge order was procured by fraud or irregularity must be addressed, if at all, in a separate appeal from a final order or by appropriate post-judgment motion in the trial court. *See, e.g., Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984).

**B. Mootness**

A controversy must exist between the parties at every stage of a suit, including on appeal. *Tex. Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 862-866 (Tex. 2025) (extensively discussing mootness doctrine). If a controversy ceases to exist on appeal, the appeal becomes moot and the appellate court lacks subject matter jurisdiction. *Id*. at 873. Texas courts have consistently held that the sale of the subject property or the dissolution of a receivership renders an appeal from the order appointing the receiver moot. *See Senior Care Living VI, LLC v. Preston Hollow Capital, LLC*, 695 S.W.3d 778, 787 n. 2 (Tex. App.—Houston [1st Dist.] 2024, pet. denied) (finding receivership issue moot where receiver discharged during pendency of appeal); *Antolik v. Antolik*, 625 S.W.3d 530, 541-42 (Tex. App.—Texarkana 2021, pet. denied) (holding dissolution of receivership renders appeal from order appointing receiver moot); *Mitchell v. Turbine Res. Unlimited, Inc.*, 523 S.W.3d 189, 196 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (stating that appeal of order appointing receiver for sale of property becomes moot when property is sold); *Nwabuisi v. Mohammadi*, No. 04-14-00363-CV, 2015 WL 4554332, at *2 (Tex. App.—San Antonio July 29, 2015, pet. denied) (mem. op.) (dismissing appeal concerning appointment of receiver where receiver was discharged); *Waite*, 76 S.W.3d at 223 (declaring appeal moot when receivership dissolved during appeal); *Beard v. Beard,* 49 S.W.3d 40, 71-72 (Tex. App.—Waco 2001, pet. denied) (concluding appeal of appointment of receiver moot when subject property was foreclosed).

This case is no different. The contested receivership no longer exists and the subject property has been sold. Therefore, any ruling we could make on the propriety of the appointment would be advisory and have no practical effect. *Pirate's Lake, Ltd. v. Vestin Realty Mortgage I, Inc.*, No. 14-08-00085-CV, 2008 WL 3833618, at *2 (Tex. App.—Houston [14th Dist.] Aug. 12,

2008, no pet.) (mem op.) (discussing mootness doctrine in context of property sold following perfection of appeal contesting appointment of receiver).

Because this court can no longer grant effective relief as to the Appointment Order itself, we hold that the interlocutory appeal is moot. As such, we lack subject matter jurisdiction and are prohibited from deciding the controversy. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021); *Noteware v. Turner*, 576 S.W.3d 835, 839–40 (Tex. App.—Houston [1st Dist.] 2019, pet. denied).

The appeal is dismissed for lack of jurisdiction.

H. Todd McCray, Justice